UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ADAM CIESIELSKI**, | ) CASE NO. |
| | ) |
| *Individually and on behalf of all others similarly situated,* | ) JUDGE |
| | ) |
| | ) **PLAINTIFF'S CLASS AND** |
| Plaintiff, | ) **COLLECTIVE ACTION** |
| | ) **COMPLAINT** |
| v. | ) |
| | ) *(Jury Demand Endorse Hereon)* |
| **RIDGE TOOL COMPANY** | ) |
| c/o Statutory Agent | ) |
| Corporation Service Company | ) |
| 3366 Riverside Drive, Suite 103 | ) |
| Upper Arlington, OH 43221 | ) |
| | ) |
| Defendant. | ) |

Plaintiff Adam Ciesielski, on behalf of himself and all others similarly situated, by and through counsel, for his Class and Collective Action Complaint against Defendant Ridge Tool Company (hereinafter also referred to as "Defendant"), states and alleges the following:

**INTRODUCTION**

1. The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendant to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio statutory law further

required the payment of overtime compensation and/or contained other compensation requirements. *See* O.R.C. §§ 4111.03(A), 4113.15.

2. Plaintiff brings this case to challenge the policies and practices of Defendant that violate the FLSA, 29 U.S.C. §§ 201-219, as well as the laws of the State of Ohio.

3. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

4. Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually-related claims under the laws of the State of Ohio (the "State Law Class").

5. Plaintiff and other members of the FLSA Collective and State Law Class now seek to exercise their rights to unlawfully unpaid overtime wages and additional statutory liquidated damages in this matter, other penalties, in addition to prejudgment and post-judgment interest, costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio Law because those claims are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

8. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and/or because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

9. Plaintiff Adam Ciesielski is an individual, a citizen of the United States, and a resident of the State of Ohio. Plaintiff has filed an "Opt-In Consent Form" which is attached as Exhibit A.

10. Defendant Ridge Tool Company is an Ohio for-profit corporation with its principal place of business at 400 Clark St., Elyria, Ohio 44035.[1] According to records maintained by the Ohio Secretary of State, Defendant Ridge Tool Company's Statutory Agent for service of process is Corporation Service Company, 3366 Riverside Drive, Suite 103, Upper Arlington, Ohio 43221.[2]

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

11. Defendant Ridge Tool Company is a manufacturer of tools and equipment, including pipe pressing tools and equipment, drain cleaning tools and equipment, pipe patching tools and equipment, threading & pipe fabrication tools and equipment, wrenches & tubing tools, utility & electrician tools, general purpose & hand tools, wet/dry vacs, and power tools and equipment.[3] Defendant conducts business under the "RIDGID" brand name.

---

[1] *See* https://www.ridgid.com/us/en/contact-us (last accessed November 17, 2022).
[2] https://businesssearch.ohiosos.gov?=businessDetails/350975 (last accessed November 17, 2022).
[3] *See* https://www.ridgid.com/us/en/ridgid-tools (last accessed November 17, 2022).

12. Defendant is an "employer" of Plaintiff and other members of the FLSA Collective and State Law Class within the meaning of the FLSA, 29 U.S.C. § 203(d) and Ohio Law, O.R.C. §§ 4111.03(D)(3) and 4113.15.

13. Defendant utilizes non-exempt employees, including Plaintiff and other members of the FLSA Collective and State Law Class, in furtherance of its business purposes.

14. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

15. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

16. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

17. At all times relevant, Defendant was an employer of Plaintiff and other members of the FLSA Collective and State Law Class as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

**Plaintiff's, the FLSA Collective's, and State Law Class's
Non-Exempt Employment Statuses with Defendant**

18. Plaintiff Adam Ciesielski has been employed by Defendant since approximately October 2020 to the present as an hourly operator (from approximately October 2020 until approximately spring 2021) and job setter (from approximately spring 2021 to the present). Throughout his employment, Defendant has classified and paid Plaintiff, as well as other members of the FLSA Collective and State Law Class, as a non-exempt employee.

4

19. At all times relevant, Plaintiff and other members of the FLSA Collective and State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and Ohio Law, O.R.C. §§ 4111.03(D)(3) and 4113.15.

20. At all times relevant, Plaintiff and other members of the FLSA Collective and State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendant's Unlawful Failure to Pay Overtime Compensation**

21. The FLSA and Ohio Law required Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40), as well as provided other pay requirements as applicable. 29 U.S.C. § 207; O.R.C. §§ 4111.03(A), 4113.15.

22. Plaintiff and other members of the FLSA Collective and the State Law Class regularly worked more than forty (40) hours in a single workweek.

23. Although Defendant suffered and permitted Plaintiff and other members of the FLSA Collective and the State Law Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and other members of the FLSA Collective and the State Law Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and other members of the FLSA Collective and the State Law Class were not properly paid overtime compensation for their overtime hours worked as required by the FLSA, 29 U.S.C. § 207, and State Law, O.R.C. §§ 4111.03(A), 4113.15.

24. Instead of compensating Plaintiff Adam Ciesielski and other members of the FLSA Collective and the State Law Class at one and one-half times their regular hourly rates for

hours more than forty (40) hours per workweek, Defendant paid Plaintiff and other members of the FLSA Collective and the State Law Class less than one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

25. Defendant shortchanged its non-exempt employees and failed to pay overtime compensation through unlawful practices that do not calculate weekly overtime at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

26. Defendant consistently failed to pay Plaintiff and other members of the FLSA Collective and the State Law Class for all hours, including overtime hours, worked, at the statutory overtime rate required. 29 U.S.C. § 207; O.R.C. § 4111.03(A); *see* O.R.C. § 4113.15.

## Defendant's Unlawful Failure to Include All Required Remuneration in the Regular Rate

27. Defendant incorrectly calculated Plaintiff's and other members of the FLSA Collective's and the State Law Class's overtime rates for hours worked in excess of forty (40) hours in a workweek as a result of Defendant's failure to incorporate forms of required remuneration, including but not limited to non-discretionary shift differential compensation, Defendant paid to its workers into the regular rate when calculating overtime.

28. By way of example, Plaintiff and other members of the FLSA Collective and the State Law Class received non-discretionary compensation when they met specific criteria for working second or third shifts in the form of shift differential payments. However, Defendant did not include this non-discretionary compensation, including the shift differential payments as stated above, that were paid to Plaintiff and other members of the FLSA Collective and the State Law Class in their regular rates when calculating their overtime pay even though Plaintiff and other non-exempt employees received shift differential compensation in pay periods in which they also worked in excess of forty (40) hours per workweek.

29. Defendant's overtime compensation requirements as to this violation are summarized in 29 C.F.R. § 778.207(b):

> ***Nonovertime premiums***. The Act requires the inclusion in the regular rate of such extra premiums as nightshift differentials (whether they take the form of a percent of the base rate or an addition of so many cents per hour) and premiums paid for hazardous, arduous or dirty work....

30. In addition, 29 C.F.R. § 778.115 controls the payment of overtime when employees are paid at two or more rates:

> Where an employee in a single workweek works at two or more different types of work for which different nonovertime rates of pay (of not less than the applicable minimum wage) have been established, his regular rate for that week is the weighted average of such rates. That is, his total earnings (except statutory exclusions) are computed to include his compensation during the workweek from all such rates, and are then divided by the total number of hours worked at all jobs.

31. The non-discretionary compensation that Plaintiff and other members of the FLSA Collective and the State Law Class received was nondiscretionary because this compensation was based on objective, predetermined, and measurable criteria, induce workers to work more efficiently or productively or at undesirable hours, and because Plaintiff and other members of the FLSA Collective and the State Law Class expected to receive the non-discretionary compensation and did in fact receive the non-discretionary compensation on a regular basis. Defendant informs Plaintiff and other members of the FLSA Collective and the State Law Class of the non-discretionary shift differential compensation upon hiring or otherwise during their employments.

32. Moreover, while the FLSA, 29 U.S.C. § 207(e), requires that all forms of remuneration "paid to, or on behalf of, the employee," such as non-discretionary shift differential compensation, must be included in the regular rate, as a result of Defendant's failure to incorporate all non-discretionary compensation into the determination of Plaintiff's and other

7

members of the FLSA Collective's and the State Law Class's regular rates for purposes of calculating overtime rates for hours worked in excess of forty (40) in a given workweek, Plaintiff and other members of the FLSA Collective and the State Law Class were deprived of earned overtime pay at the proper overtime rate in violation of the FLSA, 29 U.S.C. § 207, and State Law, O.R.C. §§ 4111.03(A), 4113.15.

33. Defendant's failure to compensate Plaintiff and other members of the FLSA Collective and the State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay – as a result of Defendant's unlawful failure to include required remuneration in the regular rate – constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and corresponding State Law, O.R.C. §§ 4111.03(A), 4113.15.

## The Willfulness of Defendant's Violations

34. Defendant knew that Plaintiff and other members of the FLSA Collective and State Law Class were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

35. By denying Plaintiff and other members of the FLSA Collective and State Law Class overtime compensation as required by the FLSA and Ohio Law, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and Ohio Law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required.

Defendant therefore knew about the overtime compensation requirements of the FLSA and Ohio Law, or acted in reckless disregard as to Defendant's obligations under these laws.

36. Moreover, Defendant's obligations under these laws were clearly known by Defendant. For example, O.R.C. § 4111.09 provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the director of commerce, this conspicuously-placed posting includes the language: "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week..." Defendant therefore knew about the overtime requirements of the FLSA and Ohio Law, or acted in reckless disregard for whether Plaintiff and other members of the FLSA Collective and State Law Class were entitled to overtime compensation.

37. Plaintiff and other members of the FLSA Collective and State Law Class are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260.

38. Defendant intentionally, knowingly, and willfully circumvented the requirements of the FLSA and Ohio Law.

39. The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. §§ 4111.03, 4113.15; and resulted in the unlawful deprivation of wages of Defendant to the detriment of Defendant's employees, including Plaintiff and other members of the FLSA Collective and State Law Class.

## **COLLECTIVE ACTION ALLEGATIONS**

40. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

42. Plaintiff brings this case on behalf of an FLSA collective group of employees of Defendant (referred to herein as the "FLSA Collective").

43. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations as to the FLSA Collective consist of:

> **All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period of three years preceding the commencement of this action to the present who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay.**

44. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

45. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

46. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the FLSA Collective consists of several hundred or more persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

47. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "State Law Class"), defined as:

> **All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period of two years preceding the commencement of this action to the present who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay.**

49. The State Law Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of several hundred or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio Law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; and Ohio Law.

50. There are questions of law or fact common to the State Law Class, including but not limited to:

> Whether Plaintiff and other members of the State Law Class were subject to a common sub-overtime wage payment policy or practice;

    Whether Defendant denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their overtime hours worked at the overtime rates required to be paid;

    Whether Defendant failed to pay Plaintiff and other members of the State Law Class wages on a semimonthly or shorter basis as required by O.R.C. § 4113.15; and

    What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's failure to pay all compensation, including overtime compensation, owed when the wages were required to be paid.

51. Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

52. Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

53. The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

54. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
## (FLSA Overtime Violations)

55. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

56. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

57. The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

58. Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

59. Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

60. Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff and other members of the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime compensation to Plaintiff and other members of the FLSA Collective was neither reasonable, nor was the decision not to pay overtime made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

61. As a result of Defendant's violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(Ohio Overtime Violations)**

62. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63. Plaintiff brings this claim for violation of Ohio Law, O.R.C. § 4111.03.

64. At all times relevant, Defendant was an entity covered by O.R.C. § 4111.03, and Plaintiff and other similarly situated persons are employees, and/or have been employed by, Defendant within the meaning of O.R.C. § 4111.03.

65. Defendant's failure to compensate overtime hours worked "at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek" violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

66. By its acts and omissions described in this Complaint, Defendant has violated O.R.C. § 4111.03, and Plaintiff and other members of the FLSA Collective have been injured as a result.

67. Defendant's violations of Ohio Law, O.R.C. § 4111.03(A) (providing that "an employer shall pay an employee for overtime at a wage rate of one and one-half times the

14

employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act of 1938'"), injured Plaintiff and other members of the FLSA Collective in that they did not receive wages due to them pursuant to Ohio Law and the FLSA.

68. As a result of Defendant's willful violations of the FLSA and of O.R.C. § 4111.03, Plaintiff and other similarly situated persons have been damaged in that they have not received wages due to them pursuant to Ohio Law.

## COUNT THREE
### (Ohio Semimonthly Wage Payment Violations)

69. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

70. Plaintiff brings this claim for violation of Ohio Law, O.R.C. § 4113.15, on behalf of himself and other members of the FLSA Collective and State Law Class.

71. O.R.C. § 4113.15(A) required Defendant to pay "on or before the first day of each month … employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month." Defendant's failure to timely pay Plaintiff and other members of the FLSA Collective all wages, including overtime wages, violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A).

72. Plaintiff's and other members of the FLSA Collective's and the State Law Class's unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday in violation of O.R.C. § 4113.15(A). By its acts and omissions described in this Complaint, Defendant has violated Ohio's semimonthly payment of wage requirements, O.R.C.

§ 4113.15, and Plaintiff and other members of the FLSA Collective and State Law Class have been injured as a result.

73. Defendant's violations of Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15, injured Plaintiff and other members of the FLSA Collective in that they did not receive wages due to them in a timely fashion as required by Ohio Law.

74. Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff and other members of the FLSA Collective all wages owed in a timely fashion as required by Ohio Law. Defendant's deliberate failure to timely pay all compensation owed to Plaintiff and other members of the FLSA Collective was neither reasonable, nor was the decision not to pay in accordance with O.R.C. § 4113.15 made in good faith. By engaging in these practices, Defendant willfully violated federal and state law and regulations thereunder that have the force of law.

75. As a result of Defendants' violation of Ohio Law, Plaintiff and other members of the FLSA Collective and State Law Class are entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and other members of the FLSA Collective and State Law Class, respectfully prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

C. Enter judgment against Defendant, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the State Law Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the other members of the State Law Class in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages as awarded by the Court;

E. Award Plaintiff and the other members of the State Law Class liquidated damages in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per State Law Class member, whichever is greater;

F. Award Plaintiff and other members of the FLSA Collective and State Law Class prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

G. Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully Submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
50 Public Square, Suite 1900
Cleveland, OH 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiffs and
Putative Class Counsel*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)