UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM CIESIELSKI and TRAVIS D. WHEELER, | ) ) ) | CASE NO. 1:22-cv-02111 |
| Plaintiffs, | ) ) | JUDGE PAMELA A. BARKER |
| *v.* | ) ) ) | **JOINT MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO SECTION 216(B) OF THE FLSA[1]** |
| RIDGE TOOL COMPANY, | ) ) | |
| Defendant. | ) | |

The Parties respectfully and jointly move the Court to approve the proposed settlement (the "Settlement") reached by the Parties and memorialized in the *Joint Stipulation of Settlement and Release* ("Settlement Agreement") attached as Exhibit 1. The Settlement seeks to resolve all claims of Plaintiffs Adam Ciesielski and Travis D. Wheeler that were or could have been brought in this Action, in addition to releasing all other causes of action, as set forth in the Settlement Agreement, through the date the Court grants approval of the Settlement.

If approved by the Court, the Settlement will provide payments to the Plaintiffs representing a substantial percentage of the potential value of their claims asserted in the above-captioned action. The Parties respectfully submit that the Settlement is fair, reasonable, and adequate in light of the merits of Plaintiffs' claims and Defendant's defenses, as borne out by discovery, and satisfies the criteria for approval under § 216(b) of the FLSA.

---

[1] On March 25, 2024, this Court issued an Order [non-document] directing the parties to file a status report(s) regarding the status of the instant action, including the status of the parties' reported settlement agreement and whether or not Plaintiffs intend to proceed with individual and/or class/collective claims in the instant action. This filing is intended to, in addition to apprising the Court of the criteria for approval under § 216(b) of the FLSA for the settlement of claims of Plaintiffs Ciesielski and Wheeler, comply with that Order. With this filing and the settlement  outlined herein, Plaintiffs do not intend to proceed with a class/collective action, but do seek to resolve this matter on an individual basis as to Plaintiffs Ciesielski and Wheeler.

The following settlement documents are respectfully submitted for approval or entry by the Court:

Exhibit 1:      Fully Executed *Joint Stipulation of Settlement and Release* ("Settlement Agreement");

Exhibit 2:      Proposed Final Order and Judgment Approving Settlement Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and Dismissing Action; and

Exhibit 3:      Declaration of Plaintiffs' Counsel Ryan A. Winters of SCOTT & WINTERS LAW FIRM, LLC.

The attached Memorandum in Support explains the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement and its proposed distributions of settlement proceeds.

Respectfully submitted,

<table>
<tr><td><u>s/ Ryan A. Winters</u></td><td><u>Monica L. Lacks (via email consent)</u></td></tr>
<tr><td>Joseph F. Scott (0029780)</td><td>Rebecca J. Bennett (0069566)</td></tr>
<tr><td>Ryan A. Winters (0086917)</td><td>Monica L. Lacks (0078649)</td></tr>
<tr><td><strong>SCOTT & WINTERS LAW FIRM, LLC</strong></td><td><strong>OGLETREE, DEAKINS, NASH,</strong></td></tr>
<tr><td>P: (216) 912-2221    F: (440) 846-1625</td><td><strong>SMOAK & STEWART, P.C.</strong></td></tr>
<tr><td>Terminal Tower</td><td>Key Tower</td></tr>
<tr><td>50 Public Square, Suite 1900</td><td>127 Public Square, Suite 4100</td></tr>
<tr><td>Cleveland, OH 44113</td><td>Cleveland, OH 44114</td></tr>
<tr><td>jscott@ohiowagelawyers.com</td><td>216.241.6100</td></tr>
<tr><td>rwinters@ohiowagelawyers.com</td><td>216.357.4733 (FAX)</td></tr>
<tr><td></td><td>rebecca.bennett@ogletreedeakins.com</td></tr>
<tr><td>Kevin M. McDermott II (0090455)</td><td>monica.lacks@ogletree.com</td></tr>
<tr><td><strong>SCOTT & WINTERS LAW FIRM, LLC</strong></td><td></td></tr>
<tr><td>P: (216) 912-2221    F: (440) 846-1625</td><td>*Attorneys for Defendant*</td></tr>
<tr><td>11925 Pearl Rd., Suite 310</td><td></td></tr>
<tr><td>Strongsville, Ohio 44136</td><td></td></tr>
<tr><td>kmcdermott@ohiowagelawyers.com</td><td></td></tr>
</table>

*Attorneys for Plaintiffs*

## <u>TABLE OF CONTENTS</u>

Table of Authorities ................................................................................................... iv

Memorandum in Support ............................................................................................ 1

I.      The litigation .................................................................................................. 1

        A.      The Claims and Issues ........................................................................ 1

        B.      Discovery and Document Analysis ..................................................... 2

II.     The Negotiations ............................................................................................ 3

III.    The Terms of the Settlement and Release of Claims ..................................... 4

        A.      The Scope of Settlement ..................................................................... 4

        B.      The Settlement Payments and Distributions ....................................... 4

        A.      The Sixth Circuit Standard is Satisfied ............................................. 6

        B.      The Settlement Payments are Fair, Reasonable, and Adequate .......... 10

        C.      Plaintiffs' Counsel's Fees and Expenses are Proper and Reasonable .... 10

V.      Conclusion ..................................................................................................... 16

Certificate of Service .................................................................................................. 17

Certificate of Compliance with Page Limitation Requirements .................................. 17

## __TABLE OF AUTHORITIES__

**Cases**

*Adcock-Ladd v. Secy. of Treasury*, 227 F.3d 343 (6th Cir.2000) .................................................. 11

*Andrus v. Denone, LLC,* N.D.Ohio No. 1:19-cv-00259-PAB, 2019 U.S. Dist. LEXIS
244181 (Nov. 22, 2019) ............................................................................................ 5, 6

*Arp v. Hohla & Wyss Enters., LLP*, No. 3:18-cv-119, 2020 U.S. Dist. LEXIS 207512
(S.D. Ohio Nov. 5, 2020) ................................................................................................ 15

*Bailey v. W.D. Wright Contracting, Inc*., No. 1:20-cv-12, 2021 U.S. Dist. LEXIS 44355
(S.D. Ohio Mar. 10, 2021) ................................................................................................ 6

*Barrentine v. Arkansas-Best Freight Sys*., 450 U.S. 728, 101 S. Ct. 1437, 67 L. Ed. 2d
641 (1981) ................................................................................................................ 5

*Berry v. Fun Time Pool & Spa, Inc*., No. 2:20-cv-1610, 2020 U.S. Dist. LEXIS 148836
(S.D. Ohio Aug. 18, 2020) .............................................................................................. 14

*Blum v. Stenson*, 465 U.S. 886 (1984) ........................................................................ 11

*Carter v. Hickory Healthcare, Inc*., 905 F.3d 963 (6th Cir. 2018) .................................. 12

*Clark v. Pizza Baker, Inc.,* No. 2:18-cv-157, 2022 U.S. Dist. LEXIS 198354 (S.D. Ohio
Oct. 31, 2022) ............................................................................................................ 14

*Collins v. Sanderson Farms, Inc.,* 568 F. Supp. 2d 714 (E.D. La. 2000) ....................... 6

*Cooper v. Winking Lizard, Inc.,* N.D.Ohio No. 1:16CV1513, 2017 U.S. Dist. LEXIS
169237 (Oct. 4, 2017) ................................................................................................... 7

*Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299-JBC, 2008 U.S. Dist.
LEXIS 90070, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) ............................................ 7

*Dillow v. Home Care Network, Inc.,* S.D.Ohio No. 1:16-cv-612, 2018 U.S. Dist. LEXIS
170579 (Oct. 3, 2018) ................................................................................................... 15

*Donnell Smith, et al. v. SAC Wireless, LLC*, No. CV 20-10932, 2022 WL 1744785 (E.D.
Mich. May 31, 2022) .................................................................................................... 10

*Estate of McConnell v. EUBA Corp*., No. 3:18-cv-00355, 2021 U.S. Dist. LEXIS 92836
(S.D. Ohio May 17, 2021) ............................................................................................. 14

*Fegley v. Higgins,* 19 F.3d 1126 (6th Cir. 1994) ................................................. 10, 11

*Fisher v. SD Protection Inc*., 948 F.3d 593 (2d Cir. 2020) ....................................... 11

iv

*Foster v. Residential Programs*, S.D.Ohio No. 2:19-cv-2358, 2021 U.S. Dist. LEXIS 30963 (Feb. 18, 2021) ................................................................................................ 14

*Fry v. Pilot Plastics, Inc.*, N.D.Ohio No. 5:22-cv-465, 2023 U.S. Dist. LEXIS 42938 (Mar. 14, 2023) ...................................................................................................... 6

*Funk v. Airstream, Inc.*, S.D.Ohio No. 3:17-cv-260, 2019 U.S. Dist. LEXIS 162334 (Sep. 23, 2019) ............................................................................................................ 11

*Ganci v. MBF Insp. Servs.*, S.D.Ohio No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645 (Dec. 3, 2019) ..................................................................................................... 15

*Geier v. Sundquist*, 372 F.3d 784 (6th Cir.2004) ....................................................... 11

*Gentrup v. Renovo Servs., LLC*, S.D.Ohio No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, 2011 WL 2532922 (June 24, 2011) ........................................................ 7

*Gresky v. Checker Notions Co.*, No. 3:21-cv-01203, 2022 U.S. Dist. LEXIS 154506 (N.D. Ohio Aug. 26, 2022) ................................................................................. 14

*Gunter v. Diamond Technical Services, Inc.*, No. 2:20-cv-01428 (W.D. Penn. May 6, 2022) ................................................................................................................ 14

*Hainey v. Parrott*, 617 F. Supp. 2d 668 (S.D. Ohio 2007) ......................................... 8

*In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369 (S.D. Ohio 2006) ....................... 8

*Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007) ....................................................... 7

*Jackson v. Trubridge, Inc.*, N.D.Ohio No. 5:16-cv-00223, 2017 U.S. Dist. LEXIS 193782 (N.D.Ohio Jan. 26, 2017) .................................................................................... 6

*Johnson v. Centor, Inc.*, 2021 U.S. Dist. LEXIS 213003 (N.D. Ohio Nov. 4, 2021) .................... 5

*Landsberg v. Acton Ents.*, S.D.Ohio No. C2-05-500, 2008 U.S. Dist. LEXIS 51544 (June 16, 2008) ............................................................................................................ 6

*Lewis v. Huntington Natl. Bank*, 789 F.Supp.2d 863 (S.D.Ohio 2011) ........................ 5

*Lowther v. AK Steel Corp.*, S.D.Ohio No. 1:11-cv-877, 2012 U.S. Dist. LEXIS 181476 (Dec. 21, 2012) ................................................................................................. 15

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) ................... 6

*Monroe v. FTS USA, LLC*, 17 F.4th 664 (6th Cir. 2021) ........................................... 12

*Moore v. Freeman*, 355 F.3d 558 (6th Cir.2004) ...................................................... 11

*Ortiz v. Fibreboard Corp.,* 527 U.S. 815 (1999) ........................................................ 10

*Osman v. Grube, Inc.*, N.D.Ohio No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222
(N.D.Ohio May 4, 2018) ................................................................................ 6

*Perry v. Beard*, S.D.Ohio No. 3:17-cv-161, 2021 U.S. Dist. LEXIS 13717 (Jan. 23, 2021) ....... 14

*Pineda v. Pit Columbus, LLC*, No. 2:17-cv-668, 2017 U.S. Dist. LEXIS 195288 (S.D.
Ohio Nov. 28, 2017) ..................................................................................... 14

*Pitty v. Conrad's Laserwash Co., Inc.,* N.D.Ohio No. 5:23-cv-02034-PAB, 2023 U.S.
Dist. LEXIS 194639 (Oct. 31, 2023) ........................................................... 5, 7

*Posner v. Showroom, Inc*., 762 F.2d 1010, 1985 U.S. App. LEXIS 14544, 1985 WL
13108 (6th Cir.1985)..................................................................................... 11

*Rangel v. Paramount Heating & Air Conditioning, LLC*, No. 2:17-cv-473, 2020 U.S.
Dist. LEXIS 39157 (S.D. Ohio Mar. 6, 2020) ................................................ 14

*Reagh v. Giesen Mgt. Assocs., LLC,* N.D.Ohio No. 5:22-cv-266, 2023 U.S. Dist. LEXIS
184121 (Oct. 13, 2023) ................................................................................ 14

*Reed v. Rhodes*, 179 F.3d 453 (6th Cir. 2008) ........................................................... 11

*Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613 (6th Cir.2021) ............... 11, 12

*Rikos v. P&G*, S.D.Ohio No. 1:11-cv-226, 2018 U.S. Dist. LEXIS 72722 (Apr. 30, 2018)........ 15

*Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 U.S. Dist. LEXIS
58912, 2010 WL 2490989 (N.D. Ohio June 15, 2010)................................. 6, 10

*Shane Group Inc. v. Blue Cross Blue Shield of Michigan*, Case No. 19-2260, 833 Fed.
Appx. 430, 2021 U.S. App. LEXIS 983 (6th Cir., Jan. 14, 2021) ................... 10

*Sharier v. Top of the Viaduct, LLC,* N.D.Ohio No. 5:16-cv-343, 2017 U.S. Dist. LEXIS
35584 (Mar. 13, 2017) ................................................................................. 9

*Smyers v. Ohio Mulch Supply Inc*., 6th Cir. Nos. 21-3008, 21-3009, 2021 U.S. App.
LEXIS 19634 (July 1, 2021).......................................................................... 12

*United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local
307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495 (6th Cir.1984)..................... 10

*Walls v. JP Morgan Chase Bank, N.A*., Case No. 3:11-cv-673-DJH, 2016 U.S. Dist.
LEXIS 142325 (W.D. Ky. Oct. 13, 2016) ...................................................... 15

*Waters v. To You*, S.D.Ohio No. 3:19-cv-372, 2022 U.S. Dist. LEXIS 139084 (Aug. 1,
2022) ..................................................................................................... 14, 15

*White v. Stark Cty. Veterans Serv. Comm.*, N.D.Ohio No. 5:22-cv-1493, 2023 U.S. Dist. LEXIS 193634 (Oct. 30, 2023) ........................................................................................ 14

*Yorba v. Barrington School, LLC*, S.D.Ohio No. 2:21-cv-691, 2022 U.S. Dist. LEXIS 118230 (July 5, 2022) ............................................................................................. 9, 10

**Statutes**

29 U.S.C. § 216 ....................................................................................................ii, 3, 6, 10

<u>MEMORANDUM IN SUPPORT</u>

## I.     <u>THE LITIGATION</u>

### A.     The Claims and Issues

Plaintiff Adam Ciesielski filed Case No. 1:22-cv-02111 (the "Action") on August 21, 2022. (ECF #1.) On May 24, 2023, Plaintiffs Adam Ciesielski and Travis D. Wheeler filed their Plaintiffs' First Amended Class and Collective Action Complaint (ECF #13, the "Amended Complaint"), which added Travis D. Wheeler as a Named Plaintiff, and added additional allegations pertaining to Defendants' alleged overtime violations.

Defendant Ridge Tool Company is a manufacturer of tools for the professional trades. Defendant employs hourly employees at its location in Elyria, Ohio, and previously employed Plaintiffs Adam Ciesielski and Travis D. Wheeler.  Plaintiffs' Amended Complaint alleged that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiffs and other similarly-situated employees at the rate of one and one-half times their regular rate for all hours worked in excess of forty hours per workweek. (*Id.* at ¶¶ 24-52.) Plaintiffs also alleged that Defendant shortchanged employees and avoided paying earned and owed wages through violative time rounding practices. (Id., at ¶¶ 37-52.)

Defendant  denies all of Plaintiffs' claims, and  asserts affirmative defenses. Among other defenses, Defendant asserts that no compensable work was completed before and after shifts and that, to the extent work may have been completed, Plaintiffs were provided ample opportunity to report this time but individually failed to do so. Defendant also contends that its overtime compensation calculation policies and practices ensure that all overtime compensation was paid at one and  one-half times the regular rate of pay, as required by the FLSA, and that its payment of premium pay to employees under various circumstances provided an "offset" of overtime

1

allegedly due under the FLSA. Defendant also maintains that it at all times acted in good faith and that any alleged violations were di minimis and not willful, such that Plaintiffs, in the event they prevailed on their claims, would not be entitled to liquidated damages or a third year of recovery under the FLSA's statute of limitations, respectively.

For Plaintiffs to obtain  the unpaid wages they alleged  at trial or through dispositive motion would be no easy task. In particular, Plaintiffs would each need to prove that they each performed unpaid overtime hours each workweek. To recover under the FLSA's three-year statute of limitations, Plaintiffs also would have to establish that Defendant's alleged violations of the FLSA were not willful.

### B.      Discovery and Document Analysis

The Parties engaged in extensive discovery, and Defendant produced voluminous wage-and-hour data and documents necessary to enable the Plaintiffs to fully and fairly evaluate the overtime claims in this case. On July 17, 2023, Plaintiffs served Plaintiffs' Omnibus First Set of Discovery Requests to Defendant Ridge Tool Company requesting, among other things, all records pertaining or related to employee handbooks; human resources policies, manuals, or memos; timesheets and other timekeeping records; any review or other modification of hours, timekeeping, or other wage and hour records; and all other records for Plaintiffs and other workers relating or pertaining to the activities, duties and tasks of these workers, including, but not limited to, any records generated by scheduling, tracking, logging, timing, clocking, measuring, recording, or monitoring the time worked by Plaintiffs. Defendant ultimately produced voluminous compensation and timekeeping data and documents in addition to PDF and Microsoft Excel spreadsheets where available.

2

Prior to engaging in settlement negotiations, Defendant provided Plaintiffs with all relevant policies, and payroll and timekeeping records for Plaintiffs and all potential opt-in plaintiffs consisting of nearly 500 PDF documents and over 200 Microsoft Excel spreadsheets. Plaintiffs' Counsel electronically transcribed the relevant data into an aggregate format capable of computation and analysis. Because of the voluminous records, significant data entry and analysis was required to make all necessary calculations. Plaintiffs' work-product computation considered all relevant wage and hour data and permitted a calculation of the unpaid wages for Plaintiffs. Plaintiffs' Counsel conducted a comprehensive investigation, including an extensive analysis of the wage-and-hour information and data and documents. The documents and data were extensively analyzed by both sides to assess the strengths and weaknesses of the case and determine computations of the claimed damages. The discovery and analyses were difficult and time-consuming, but proved instrumental to the negotiation of the proposed Settlement.

## II.     THE NEGOTIATIONS

As noted above, prior to engaging in settlement negotiations, Plaintiffs' Counsel, as well as Defendant's Counsel, conducted comprehensive investigations, including an extensive analysis of the wage-and-hour information and data and documents. Importantly, while several rounds of negotiations conveyed demands/offers as global amounts, the attorneys' fees to Plaintiffs' Counsel were ultimately negotiated in an amount separate from the payments to be made by Defendant to Plaintiffs as recovery of back wages and liquidated damages. The Parties' negotiations ultimately resulted in a global settlement encompassing all issues, subject to approval by the Court pursuant to § 216(b). The distributions and settlement as a whole, including the attorneys' fees to Plaintiffs' Counsel, are supported by the Declaration of Plaintiffs' Counsel. (*See* Ex. 3.) Formal settlement documents, including the *Joint Stipulation of*

3

*Settlement and Release* attached as Exhibit 1, were later prepared and executed for approval by the Court.

### III.     THE TERMS OF THE SETTLEMENT AND RELEASE OF CLAIMS

#### A.     The Scope of Settlement

If approved by the Court, the proposed Settlement will make individual settlement payments available to the Plaintiffs representing a substantial percentage—arguably all—of the potential value of their claims. The settlement achieves an exceptional result for the two (2) covered workers, and results in settlement payments representing a substantial percentage of their claimed damages. Under Plaintiff's theory of recovery, Plaintiffs are owed a combined approximately $1,250.00 in unpaid back wages (as well as liquidated damages in an additional, equal amount). Moreover, the settlement includes additional consideration for Plaintiffs' general release of claims, outside of the scope of the FLSA back wage recovery. (*See* Ex. 1 ¶ 3.)

#### B.     The Settlement Payments and Distributions

**Total Settlement Amount.** Defendant has agreed to pay the total settlement amount of $20,000.00 as set forth in the Settlement Agreement. (Ex. 1 ¶ 1.) That sum will be used to make settlement payments to the Plaintiffs which shall constitute adequate consideration for the Settlement and will be made in full and final settlement of: (1) the claims released by Plaintiffs; (2) attorneys' fees and reimbursed litigation expenses; and (3) any other obligations of Defendant under the Settlement Agreement.

**Payments to Plaintiffs.** From the total settlement amount, the total amount of $5,000.00 will be paid to the Plaintiffs in consideration for release of claims as provided in the Settlement Agreement. (Ex. 1 ¶¶ 1(a), 1(b).) If approved by the Court, as above, the proposed Settlement will make individual settlement payments available to the Plaintiffs representing a substantial

percentage of the potential value of their claims, and achieves an excellent result for the covered

individuals, especially considering Defendant's defenses as set forth above.

**Attorneys' Fees and Cost Reimbursements.** From the Total Settlement Amount,

Plaintiffs' Counsel will receive attorneys' fees and costs in the total amount of $15,000.00. After

reductions for costs and litigation expenses in the total amount of $419.54, the attorney fee

recovery will equal $14,580.46. (*See* Ex. 1 ¶ 1(c); Ex. 3, Decl. of R. Winters ¶ 39.) The

attorneys' fees, and the settlement as a whole, are supported by the Declaration of Plaintiffs'

Counsel. (*See generally id*.) As provided in the Settlement Agreement, attorneys' fees and costs

to Plaintiffs' Counsel will not be paid by Defendant until after the final approval order is issued

by the Court, contemporaneously along with the settlement payments to Plaintiffs. (*See* Ex. 1 ¶

1(d).) As further explained below, the payment to counsel is reasonable, and fulfills the purpose

and intent of the FLSA's fees provisions.

## IV.  THE PROPRIETY OF APPROVAL

Pursuant to the FLSA, claims for back wages and other damages may be settled or

compromised only with the approval of the district court or the Secretary of Labor. *See, e.g.,*

*Pitty v. Conrad's Laserwash Co., Inc.,* N.D.Ohio No. 5:23-cv-02034-PAB, 2023 U.S. Dist.

LEXIS 194639, at *2-3 (Oct. 31, 2023); *Johnson v. Centor, Inc.,* 2021 U.S. Dist. LEXIS 213003,

*4 (N.D. Ohio Nov. 4, 2021); *Lewis v. Huntington Natl. Bank,* 789 F.Supp.2d 863, 869

(S.D.Ohio 2011) (citing *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740, 101 S. Ct.

1437, 67 L. Ed. 2d 641 (1981). To approve the settlement, the Court should determine that the

compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See*

*Pitty*, 2023 U.S. Dist. LEXIS 194639, at *3; *Andrus v. Denone, LLC,* N.D.Ohio No. 1:19-cv-

00259-PAB, 2019 U.S. Dist. LEXIS 244181, at *3-4 (Nov. 22, 2019); *Bailey v. W.D. Wright*

*Contracting, Inc.*, No. 1:20-cv-12, 2021 U.S. Dist. LEXIS 44355, at *3-4 (S.D. Ohio Mar. 10, 2021).

### A.     The Sixth Circuit Standard is Satisfied

This Settlement qualifies for court approval under the FLSA, 29 U.S.C. § 216(b). The court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Ents.,* S.D.Ohio No. C2-05-500, 2008 U.S. Dist. LEXIS 51544, at *2 (June 16, 2008), fn. 1 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute")); *Fry v. Pilot Plastics, Inc*., N.D.Ohio No. 5:22-cv-465, 2023 U.S. Dist. LEXIS 42938, at *3 (Mar. 14, 2023) ("the district court must 'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'") (quoting *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 U.S. Dist. LEXIS 58912, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010), quoting *Collins v. Sanderson Farms, Inc.,* 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)); *Jackson v. Trubridge, Inc*., N.D.Ohio No. 5:16-cv-00223, 2017 U.S. Dist. LEXIS 193782, at *4 (N.D.Ohio Jan. 26, 2017) (quoting *Kritzer v. Safelite Solutions, LLC,* S.D.Ohio No. 2:10-cv-0729, 2012 U.S. Dist. LEXIS 74994, at *19 (May 30, 2012)); *Osman v. Grube, Inc*., N.D.Ohio No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *2 (N.D.Ohio May 4, 2018).

In *Andrus,* 2019 U.S. Dist. LEXIS 244181, at *3-6, this Court evaluated several factors to evaluate whether the proposed settlement was fair and reasonable for purposes of the FLSA, 29 U.S.C. § 216(b):

the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement.

(Citing *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008), citing *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp*., 497 F.3d 615, 631 (6th Cir. 2007)). *See also Pitty*, 2023 U.S. Dist. LEXIS 194639, at *3 ("(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel."). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Cooper v. Winking Lizard, Inc.,* N.D.Ohio No. 1:16CV1513, 2017 U.S. Dist. LEXIS 169237, at *5 (Oct. 4, 2017) (quoting *Gentrup v. Renovo Servs., LLC*, S.D.Ohio No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, 2011 WL 2532922, at * 3 (June 24, 2011)).

A key factor – the likelihood of success on the merits balanced against the amount and form of the settlement – strongly supports approval. Litigating FLSA claims is always risky and uncertain, and Plaintiffs would have to establish not only Defendant's liability, which Defendant vehemently denies, but also Plaintiffs' damages. Of particular contention in this specific case is the factual and legal dispute as to whether the Plaintiffs performed overtime hours each workweek, in addition to the amounts of these times, as well as the offset of compensation allegedly due for any such overtime hours by premium pay paid to the Plaintiffs during the same pay period.

Defendant argued that the times and amounts of overtime hours Plaintiffs allege that were rounded away, both with regard to frequency and duration, are an exaggeration that cannot be supported with admissible evidence; that Plaintiffs were provided ample opportunity to report all time worked, including all time worked before and after shifts; and that there was objectively no overtime rate calculation violation. Defendant further argued that, even if Plaintiffs prevail on the substantive elements of their claims, any violation was not willful, and that Defendant is entitled to a good faith defense. The outcome of litigating the case would be uncertain, and the risks of continued litigation would be high.

Nevertheless, the Settlement assures that the Plaintiffs will receive significant compensation. Given the exceptional recovery in this case and uncertainties surrounding trial in this matter, the certainty and finality of a settlement that will substantially benefit the Plaintiffs is in the public interest. *See Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *24 (the public interest is served when a settlement "ends potentially long and protracted litigation") (citing *see In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 369 (S.D. Ohio 2006); *Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007)). Given that the factual and legal issues in this case are highly disputed and complex, there is no guarantee that Plaintiffs will prevail at trial and the litigation could be long and protracted. In contrast, the Settlement assures that Plaintiffs will receive significant compensation. The proposed Settlement will eliminate the risk and delay of litigation and make substantial payments available to the Plaintiffs.

The other factors are satisfied as well. Plaintiffs' Counsel have extensive experience litigating FLSA claims, and there is categorically no fraud or collusion – the settlement was achieved only after good faith and arm's-length negotiations between Parties represented by competent counsel. The Parties engaged in substantial document review, comprehensive data

analysis, and due diligence prior to arduous negotiations, and the issues were well understood. As noted above, the Parties conducted a comprehensive investigation, including an extensive analysis of the wage-and-hour information and data and documents comprising of a computational methodology that considers all relevant wage and hour data. Plaintiffs' Counsel electronically transcribed all relevant produced wage and hour records in the form of PDF files and Microsoft Excel spreadsheets – the necessary payroll and timekeeping information for the required damages analysis – into an aggregate format to extensively assess the strengths and weaknesses of the case and determine computations of the claimed damages. The discovery and analyses were difficult and time-consuming, but proved instrumental to the negotiation of the proposed Settlement.

The settlement was reached as a result of arms-length negotiation between Parties represented by competent counsel. *See Sharier v. Top of the Viaduct, LLC,* N.D.Ohio No. 5:16-cv-343, 2017 U.S. Dist. LEXIS 35584, at *4-5 (Mar. 13, 2017). Moreover, again as noted above, the proposed Settlement will make individual settlement payments available to the Plaintiffs representing a substantial percentage of the potential value of their claims, thereby achieving an excellent result on their behalf considering Defendant's defenses.

Wage-and-hour cases for groups of employees are always expensive and time-consuming and the expense and likely duration of continued litigation favor approval. The Settlement assures that the Plaintiffs will receive significant compensation. Counsel on both sides support the Settlement, as do the Plaintiffs themselves. (*See* Exs. 1, 3.) In sum, the six-factor standard is satisfied, supporting that the settlement is "a fair and reasonable resolution of a bona fide dispute." *Yorba v. Barrington School, LLC*, S.D.Ohio No. 2:21-cv-691, 2022 U.S. Dist. LEXIS 118230, at *7 (July 5, 2022).

**B.    The Settlement Payments are Fair, Reasonable, and Adequate**

As a part of the scrutiny applied to an FLSA collective action settlement, the Court should "ensure that the distribution of settlement proceeds is equitable." *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *25 (citing *Rotuna*, 2010 U.S. Dist. LEXIS 58912, at *6, citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999)). In the present case, the proposed individual settlement payments to the Plaintiffs are exceptional. *See Yorba*, 2022 U.S. Dist. LEXIS 118230, at *14 (citing *see Shane Group Inc. v. Blue Cross Blue Shield of Michigan*, Case No. 19-2260, 833 Fed. Appx. 430, 2021 U.S. App. LEXIS 983 (6th Cir., Jan. 14, 2021); citing *see also Donnell Smith, et al. v. SAC Wireless, LLC*, No. CV 20-10932, 2022 WL 1744785, at *3 (E.D. Mich. May 31, 2022)). There is no doubt that the payments to Plaintiffs are an exceptional recovery and meet the criteria for approval pursuant to the FLSA, § 216(b), and Sixth Circuit authority.

**C.    Plaintiffs' Counsel's Fees and Expenses are Proper and Reasonable**

The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The FLSA's mandatory fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins,* 19 F.3d 1126, 1134-35 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502-03 (6th Cir.1984)).

The Sixth Circuit has "upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages." *Fegley,* 19 F.3d at 1134 (quoting *Posner v.*

10

*Showroom, Inc.*, 762 F.2d 1010, 1985 U.S. App. LEXIS 14544, at *6, 1985 WL 13108, at * 2

(6th Cir.1985)). *Accord*, *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *27 (May 30, 2012) (the fee

award must be "adequate to attract competent counsel but … not produce a windfall") (citing

*Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 2008), quoting *Blum v. Stenson*, 465 U.S. 886, 897

(1984)). In the Sixth Circuit, "[i]n determining what constitutes a 'reasonable' fee award,

'[c]ourts should not place an undue emphasis on the amount of the plaintiff's recovery because

an award of attorney fees . . . encourage[s] the vindication of congressionally identified policies

and rights." *Funk v. Airstream, Inc.*, S.D.Ohio No. 3:17-cv-260, 2019 U.S. Dist. LEXIS 162334,

at *5 (Sep. 23, 2019) (citing *Fegley*, 19 F.3d at 1134-35 (internal quotations and citations

omitted)). "There is a 'strong presumption' that a prevailing plaintiff's attorney is entitled to the

lodestar fee," which is "the product of the number of hours reasonably spent on the case by an

attorney times a reasonable hourly rate." *Id*. (quoting *Adcock-Ladd v. Secy. of Treasury*, 227 F.3d

343, 350 (6th Cir.2000); *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir.2004)).

In *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616-617 (6th

Cir.2021), the Sixth Circuit ordered attorney fees to be calculated based on the lodestar

attorneys' fees incurred, as opposed to a method that "capped the awardable fees at some

percentage of [the plaintiff's claims'] monetary value," noting:

> "Neither the text nor the purpose" of the FLSA "supports imposing a
> proportionality limit on recoverable attorneys' fees." The very reason that the
> FLSA (and the civil-rights acts) mandate an award of reasonable fees to prevailing
> plaintiffs is that the monetary value of their claims is often too small to support the
> cost of litigating them. If courts in these cases capped the awardable fees at some
> percentage of that monetary value, therefore, many workers with valid FLSA
> claims—the nurse who was underpaid $1,500, the laborer underpaid $900—would
> be unable to "attract competent counsel" to represent them.

*Id.* at 616-617 (quoting *Fisher v. SD Protection Inc.*, 948 F.3d 593, 603 (2d Cir. 2020); *Geier v.

Sundquist*, 372 F.3d 784, 791 (6th Cir.2004)). Moreover, "[i]n determining fee awards, courts

should not 'become green-eyeshade accountants,' but instead must content themselves with 'rough justice.'" *Monroe v. FTS USA, LLC,* 17 F.4th 664, 672-73 (6th Cir. 2021) (quoting *Rembert*, 986 F.3d at 618, quoting *Carter v. Hickory Healthcare, Inc.*, 905 F.3d 963, 970 (6th Cir. 2018)). *See also Smyers v. Ohio Mulch Supply Inc.*, 6th Cir. Nos. 21-3008, 21-3009, 2021 U.S. App. LEXIS 19634, at *5-6 (July 1, 2021).

Here, the proposed payment to Plaintiffs' Counsel represents a significant reduction from the total fees and costs expended in the prosecution of the Action. The efforts of Plaintiffs' Counsel resulted in proposed settlement payments to the Plaintiffs representing a substantial percentage of the potential value of their claims. The attorneys' fees, and the settlement as a whole, are supported by the Declaration of Plaintiffs' Counsel Ryan A. Winters (of Scott & Winters Law Firm, LLC), attached as Exhibit 3.

The activities and efforts of Plaintiffs' Counsel – which ultimately resulted in an exceptional recovery to Plaintiffs – in this matter were significant. Prosecuting complex wage litigation is difficult and time-consuming. The tasks required of Plaintiffs' Counsel in this case included pre-litigation investigation of Plaintiffs' claims and the identities of potential defendants; preparation of the Complaint and Amended Complaint; and negotiation and submission of the parties' Rule 26(f) report.

Plaintiffs' Counsel drafted and issued Plaintiff's Omnibus First Set of Discovery Requests to Defendant. Defendant ultimately produced spreadsheets containing timekeeping and payroll data comprised of hundreds of thousands of data points. Plaintiffs' Counsel electronically transcribed the relevant data into an aggregate format capable of computation and analysis, which required significant time. Plaintiffs' work-product computation considered substantial wage and hour data and permitted a calculation of the unpaid wages for the Plaintiffs based off

all relevant records provided by Defendant. These documents and data were extensively analyzed by Plaintiffs' Counsel for damages, settlement evaluation and mediation purposes. The analyses, investigation and discovery were time-consuming, but proved instrumental to the negotiation of the proposed Settlement.

Plaintiffs' Counsel conducted extensive investigations into the facts before and during the prosecution of the Action. This discovery and investigation included, among other things, (a) multiple meetings and conferences with the Court, Plaintiff, and Defendant's Counsel; (b) inspection and analysis of payroll and timekeeping documents produced by Defendant including analysis of wage-and-hour information and other data and documents and development of a data analysis and methodology from the records produced by Defendant; (c) analysis of the legal positions taken by Defendant; (d) investigation into the viability of collective and class action treatment; (e) analysis of potential collective-wide damages; and (f) research of the applicable law with respect to the claims and potential defenses thereto.

Moreover, Plaintiffs' Counsel's lodestar, further discussed below, has not been adjusted to account for the time Plaintiffs' Counsel will expend fulfilling the obligations in the Settlement Agreement, monitoring the administration of the Settlement, continuing to respond to questions and inquiries from Plaintiffs through the conclusion of this matter and disbursement of settlement proceeds. Plaintiffs' Counsel's lodestar also does not include the additional attorney hours counsel collectively has and will spend preparing, reviewing changes by defense counsel, and finalizing the briefing of this motion and related exhibits up to and until the filing of this motion (between March 11, 2024 (Plaintiffs' Counsel's declaration date) and the date of this filing), and any other work completed after March 11, 2024.

13

As of March 11, 2024, Plaintiffs' Counsel had a collective approximately 135.2 hours in this case – a fee lodestar of $55,975.00. Specifically, Joseph F. Scott had 8.4 hours at $500 per hour; Ryan A. Winters had 42.2 hours at $425 per hour; and Kevin M. McDermott II had 84.6 hours at $400 per hour.[2] (Ex. 3, Decl. of R. Winters at ¶¶ 32-38.) At a combined fee lodestar of $55,975.00 (as of March 11, 2024), the proposed attorney fee of $14,580.46 ($15,000.00

---

[2] Recently, Scott & Winters's attorneys' same requested hourly rates were found as reasonable in other N.D. Ohio Federal District Court matters. For example, in *Reagh v. Giesen Mgt. Assocs., LLC,* N.D.Ohio No. 5:22-cv-266, 2023 U.S. Dist. LEXIS 184121, at *5-6 (Oct. 13, 2023) another court in this District and Division approved S&W's attorneys Scott's, Winters's, and McDermott's requested $500, $425, and $400 hourly rates, respectively, noting that "the hourly rates charged are reasonable for experienced attorneys in this district." (Citing *see McKnight*, 2023 WL 2003276, at *13-14  ("finding hourly rates of $500, $425, and $400 for the same attorneys [Scott, Winters, and McDermott] and the same firm [Scott & Winters]  to be reasonable…"); *White v. Stark Cty. Veterans Serv. Comm*., N.D.Ohio No. 5:22-cv-1493, 2023 U.S. Dist. LEXIS 193634, at *9-10 (Oct. 30, 2023) (approving $500, $425, and $400 hourly rates for Scott, Winters, and McDermott, respectively); *see also Gunter v. Diamond Technical Services, Inc*., No. 2:20-cv-01428, ECF #43 (W.D. Penn. May 6, 2022) ("[t]he Court [] finds that Class Counsel's attorney hours and hourly rates are reasonable," approving Scott's rate of $550; Winters' rate of $425; and McDermott's rate of $385 as requested in *Gunter* decl. of class counsel Scott & Winters, ECF #41-3 at 5, ¶ 9); *accord Foster v. Residential Programs*, S.D.Ohio No. 2:19-cv-2358, 2021 U.S. Dist. LEXIS 30963, at *13 (Feb. 18, 2021) (approving hourly rates in wage and hour litigation ranging from $350 to $500); *Waters*, 2022 U.S. Dist. LEXIS 139084, at *13-14 (Aug. 1, 2022) (approving $600 to $350 hourly rates in wage and hour case); *Perry v. Beard*, S.D.Ohio No. 3:17-cv-161, 2021 U.S. Dist. LEXIS 13717, at *12 (Jan. 23, 2021) (noting that "[c]ourts within the Sixth Circuit have found hourly rates ranging from $300 to $450 to be reasonable for work on FLSA actions…") (citing *see also Berry v. Fun Time Pool & Spa, Inc*., No. 2:20-cv-1610, 2020 U.S. Dist. LEXIS 148836, 2020 WL 4784654, at *2 (S.D. Ohio Aug. 18, 2020) ($445); *Rangel v. Paramount Heating & Air Conditioning, LLC*, No. 2:17-cv-473, 2020 U.S. Dist. LEXIS 39157, 2020 WL 1080418, at *2 (S.D. Ohio Mar. 6, 2020) ($350); *Pineda v. Pit Columbus, LLC*, No. 2:17-cv-668, 2017 U.S. Dist. LEXIS 195288, 2017 WL 5900559, at *4 (S.D. Ohio Nov. 28, 2017) ($450) (additional citations omitted)); *Clark v. Pizza Baker, Inc.,* No. 2:18-cv-157, 2022 U.S. Dist. LEXIS 198354, at *20-21 (S.D. Ohio Oct. 31, 2022) ($550 - $600); *Estate of McConnell v. EUBA Corp*., No. 3:18-cv-00355, 2021 U.S. Dist. LEXIS 92836, at *19 (S.D. Ohio May 17, 2021) ($600 - $350); *Gresky v. Checker Notions Co*., No. 3:21-cv-01203, 2022 U.S. Dist. LEXIS 154506, at *21-29 (N.D. Ohio Aug. 26, 2022) (N.D. Ohio wage and hour matter approving as reasonable a $400 rate for attorney who was admitted and started practicing wage and hour law in November, 2013 (similar to Attorney McDermott), as well as a $450 rate for attorney who was admitted to practice in 2009 (similar to Attorney Winters (admitted 2010), whose current rate is $425)).

14

combined fees and costs award minus $419.54 in costs incurred by Plaintiffs' Counsel) results in a significant "negative multiplier" of .26 if the Court approves the requested settlement payment as to attorneys' fees. (*See* Ex. 3 ¶¶ 39-40.) Such a negative multiplier eminently supports that the fee sought is reasonable, *see, e.g, Rikos v. P&G*, S.D.Ohio No. 1:11-cv-226, 2018 U.S. Dist. LEXIS 72722, at *26 (Apr. 30, 2018) (citing *see Walls v. JP Morgan Chase Bank, N.A.*, Case No. 3:11-cv-673-DJH, 2016 U.S. Dist. LEXIS 142325, at * 18 (W.D. Ky. Oct. 13, 2016)), and given that Plaintiffs' Counsel's lodestar is on the very low end of the acceptable range, a lodestar review of the attorneys' fees to be paid to Plaintiffs' Counsel eminently supports the reasonableness of the fee request. *See, e.g., Waters v. To You*, S.D.Ohio No. 3:19-cv-372, 2022 U.S. Dist. LEXIS 139084, at *13 (Aug. 1, 2022) (approving 3.79 multiplier in FLSA case) (citing *Arp v. Hohla & Wyss Enters., LLP*, No. 3:18-cv-119, 2020 U.S. Dist. LEXIS 207512, at *19 (S.D. Ohio Nov. 5, 2020) (approving a multiplier of 5.29)); *Swigart v. Fifth Third Bank,* S.D.Ohio No. 1:11-cv-88, 2014 U.S. Dist. LEXIS 94450, at *17-18 (July 11, 2014) (approving 2.57 multiplier); *Dillow v. Home Care Network, Inc.,* S.D.Ohio No. 1:16-cv-612, 2018 U.S. Dist. LEXIS 170579, at *17-18 (Oct. 3, 2018) (approving 2.9 multiplier); *Lowther v. AK Steel Corp.*, S.D.Ohio No. 1:11-cv-877, 2012 U.S. Dist. LEXIS 181476, at *17-19 (Dec. 21, 2012) (approving 3.06 multiplier and noting ranges from 4.3 to 8.74 have been found to be reasonable); *Ganci v. MBF Insp. Servs.,* S.D.Ohio No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *17-18 (Dec. 3, 2019) ("courts frequently approve attorney's fee awards equaling two to three times the lodestar amount..."). The resulting settlement negotiated by Plaintiffs' Counsel ensures substantial payments to the Plaintiffs. The lodestar calculation in this matter unequivocally supports the reasonableness of the fee request.

15

In addition, the settlement payment as to attorney fees includes all costs incurred by Plaintiffs' Counsel, including the $419.54 in reimbursable out-of-pocket expenses incurred in this case by Plaintiffs' Counsel. These expenses constitute costs that were reasonably necessary to prosecute the action. (*See* Ex. 3 ¶ 41-42.)

Based on all relevant factors, the proposed payment of attorneys' fees and cost reimbursements to Plaintiffs' Counsel is proper and reasonable, and fulfills the purpose and intent of the FLSA's fees provisions.

## V.     <u>CONCLUSION</u>

For the reasons addressed above, the Parties respectfully request that the Court approve the Settlement by entering the proposed order attached as Exhibit 2.

Respectfully submitted,

<table>
<tr>
<td>

<u>s/ Ryan A. Winters</u><br>
Joseph F. Scott (0029780)<br>
Ryan A. Winters (0086917)<br>
**SCOTT & WINTERS LAW FIRM, LLC**<br>
P: (216) 912-2221   F: (440) 846-1625<br>
Terminal Tower<br>
50 Public Square, Suite 1900<br>
Cleveland, OH 44113<br>
jscott@ohiowagelawyers.com<br>
rwinters@ohiowagelawyers.com<br>
<br>
Kevin M. McDermott II (0090455)<br>
**SCOTT & WINTERS LAW FIRM, LLC**<br>
P: (216) 912-2221   F: (440) 846-1625<br>
11925 Pearl Rd., Suite 310<br>
Strongsville, Ohio 44136<br>
kmcdermott@ohiowagelawyers.com<br>
<br>
*Attorneys for Plaintiffs*

</td>
<td>

<u>Monica L. Lacks (via email consent)</u><br>
Rebecca J. Bennett (0069566)<br>
Monica L. Lacks (0078649)<br>
**OGLETREE, DEAKINS, NASH,**<br>
**SMOAK & STEWART, P.C.**<br>
Key Tower<br>
127 Public Square, Suite 4100<br>
Cleveland, OH 44114<br>
216.241.6100<br>
216.357.4733 (FAX)<br>
rebecca.bennett@ogletreedeakins.com<br>
monica.lacks@ogletree.com<br>
<br>
*Attorneys for Defendant*

</td>
</tr>
</table>

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all Parties indicated on the electronic filing receipt.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)

## **CERTIFICATE OF COMPLIANCE WITH PAGE LIMITATION REQUIREMENTS**

I, undersigned counsel, state that this matter has been assigned to the standard track, and I hereby certify that the memorandum contained herein complies with the 20-page limitation established by Local Rule 7.1(f) as a dispositive motion "which, if granted, would result in the entry of judgment or dismissal, or would dispose of any claims or defenses, or would terminate the litigation." *See* N.D. Ohio Local Rule 16.1(b)(5).

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)

61274589.v2-OGLETREE