IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Adam Ciesielski and Travis Wheeler, | Case No. 1:22CV2111 |
| Plaintiffs, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Ridge Tool Company, | FINAL ORDER APPROVING SETTLEMENT |
| Defendant. | |

This matter is before the Court on the parties' Joint Motion for Approval of Settlement pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (Doc. No. 29.) The Joint Motion asks the Court to approve, as fair and reasonable, the proposed Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached to the Joint Motion as Exhibit 1. (Doc. No. 29-1.) In addition, and upon request of the Court, Plaintiffs Adam Ciesielski and Travis Wheeler submitted documentation in support of the proposed attorney's fees and costs set forth in the Settlement Agreement (hereinafter "Attorney Fee Documentation"). (Doc. No. 30-1.)

Having reviewed the Joint Motion (Doc. No. 29), Settlement Agreement (Doc. No. 29-1), Declaration of Counsel (Doc. No. 29-3), Attorney Fee Documentation (Doc. No. 30-1), as well as the pleadings and papers filed in this action, and for good cause established therein, the Court enters this Final Order and Judgment Approving Settlement and Dismissing Action, as follows:

1. On November 21, 2022, Plaintiff Adam Ciesielski filed a Class and Collective Action Complaint in this Court, asserting claims against Defendant Ridge Tool Company under the FLSA and Ohio wage and hour law. (Doc. No. 1.) On May 24, 2023, Plaintiffs filed a First Amended Class

and Collective Action Complaint, which added Travis D. Wheeler as a Named Plaintiff, and added additional allegations pertaining to Defendant's alleged overtime violations. (Doc. No. 13.)

2. Plaintiffs' First Amended Complaint alleges that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiffs and other similarly situated employees at the rate of one and one-half times their regular rate for all hours worked in excess of forty hours per workweek. (*Id*. at ¶¶ 24-52.) Plaintiffs allege that Defendant shortchanged employees and avoided paying earned and owed wages through allegedly violative time rounding practices. (*Id*.)

3. Defendant filed an Answer (and later an Amended Answer) in which it denied all liability under any of Plaintiffs' claims and asserted various affirmative defenses. (Doc. Nos. 16, 22.)

4. The Parties engaged in extensive discovery, and Defendant produced voluminous wage-and-hour data and documents necessary to enable the Plaintiffs to fully evaluate the overtime claims in this case. (Declaration of Attorney Ryan Winters (Doc. No. 29-3) at ¶ 17.) Specifically, Defendant provided Plaintiffs with all relevant policies, and payroll and timekeeping records for Plaintiffs and all potential opt-in plaintiffs consisting of nearly 500 PDF documents and over 200 Microsoft Excel spreadsheets. (*Id*. at ¶ 19.) Plaintiffs' Counsel electronically transcribed the relevant data into an aggregate format capable of computation and analysis. (*Id*.) Plaintiffs' work-product computation considered all relevant wage and hour data and permitted a calculation of the unpaid wages for Plaintiffs. (*Id*.)

5. The parties engaged in settlement negotiations and were able to reach a global settlement encompassing all issues. The Settlement covers Plaintiffs Adam Ciesielski and Travis D.

Wheeler, each of whom consented to participation in this action by submitting consent forms filed with the Court in accordance with 29 U.S.C. § 216(b).[1] (Doc. Nos. 1-3, 3-1.)

6. On March 27, 2024, the parties filed a Joint Motion for Approval of Settlement Pursuant to Section 216(B) of the FLSA. (Doc. No. 29.) The parties provided the following documents in support of the Joint Motion: (1) the parties' proposed Joint Stipulation of Settlement and Release ("Settlement Agreement") (Doc. No. 29-1); (2) the Declaration of Plaintiff's Counsel Ryan A. Winters (Doc. No. 29-3); and (3) the Attorney Fee Documentation, which consists of detailed timesheets and a breakdown of costs (Doc. No. 30-1.)

7. The Court has carefully reviewed the Joint Motion, Settlement Agreement, Declaration of Counsel, and Attorney Fee Documentation. Upon careful consideration, and for the following reasons, the Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under the FLSA, 29 U.S.C. § 216(b).

8. In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Rotuna v. W. Customer Mgmt. Group LLC*, 2010 WL 2490989 (N.D. Ohio June 15, 2010.) The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *See Andrus v. DenOne, LLC*, 2019 WL 13195500 at * 1 (N.D. Ohio Nov. 22, 2019). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of

---

[1] Plaintiffs indicate that they "do not intend to proceed with a class/collective action but do seek to resolve this matter on an individual basis as to Plaintiffs Ciesielski and Wheeler." (Doc. No. 29 at fn 1.)

3

the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Id.* In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)).

9. Here, the Court finds that the instant action presents a *bona fide* dispute. As noted above, Plaintiffs allege that Defendant violated the FLSA because it failed to pay Plaintiffs and other similarly situated employees at the overtime rate for time worked in excess of 40 hours per week. (Doc. No. 13.) Plaintiffs allege that Defendant did so by "shortchanging" employees through alleged violative time rounding practices. (*Id.*) Defendant denies Plaintiffs' allegations, asserts that Plaintiffs were properly paid, and denies that any of the Plaintiffs are entitled to damages. (Doc. No. 22.) Defendant also maintains that it acted in good faith and that any alleged violations were *de minimis* and not willful. (*Id.*) The divergent views of the facts and the law present *bona fide* disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

10. The Court further finds the terms of the Settlement Agreement are fair and reasonable. In this regard, the Court notes the settlement was the product of arms-length negotiations between the parties that were represented by capable and experienced counsel. (Doc. No. 29-3 at ¶ 28.) Indeed, both Plaintiffs' and Defendant's counsel believe the proposed overall settlement amount is fair and reasonable, which weighs in favor of approving the total settlement amount. *See Andrus*, 2019 WL 13195500 at * 2. Additionally, the Court observes that, given the factual and legal complexity of the case, there is no guarantee Plaintiffs would have prevailed. In contrast, the Settlement Agreement assures Plaintiffs will receive compensation for alleged violations at issue. As one court in this District has found, "the certainty and finality that comes with settlement also weighs

in favor of" approving a fair and reasonable settlement. *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933 at *6 (N.D. Ohio March 8, 2010). *See also Andrus*, 2019 WL 13195500 at * 2. Moreover, approval of a fair and reasonable agreement promotes the public's interest in encouraging settlement of litigation. *See Andrus*, 2019 WL 13195500 at * 2 (collecting cases).

11. Upon careful consideration, the Court finds that the total settlement payment, as well as the proposed distributions to the Plaintiffs Adam Ciesielski and Travis D. Wheeler, are fair and reasonable. As set forth in the Settlement Agreement, Defendant has agreed to pay the total settlement amount of $20,000. (Doc. No. 29-1 at ¶ 1.) That sum will be used to make settlement payments to the Plaintiffs which shall constitute adequate consideration for the Settlement and will be made in full and final settlement of: (1) the claims released by Plaintiffs; (2) attorneys' fees and reimbursed litigation expenses; and (3) any other obligations of Defendant under the Settlement Agreement. *See, generally*, Doc. No. 29-1.

12. From the total settlement amount, the total amount of $5,000.00 will be paid to the Plaintiffs in consideration for release of claims as provided in the Settlement Agreement. (Doc. No. 29-1 at ¶¶ 1(a), 1(b).) Based on Plaintiff's Counsel's investigation and analysis of the documents and data produced in discovery, Plaintiff's Counsel avers that the individual settlement payments to the Plaintiffs represent a substantial percentage of the potential value of their claims. (Doc. No. 29-3 at ¶ 28.)

13. The Settlement Agreement also includes a payment to Plaintiff's Counsel for attorney's fees and costs. Specifically, from the Total Settlement Amount, Plaintiffs' Counsel will receive attorneys' fees and costs in the total amount of $15,000.00. (Doc. No. 29-1 at ¶ 1(c)). Of this amount, $419.54 represents costs and litigation expenses, and the remaining $14,580.46

represents attorney's fees. *See* Doc. No. 29-1 at ¶ 1(c); Doc. No. 29-3 at ¶ 39. Plaintiff's Counsel avers that, "while several rounds of negotiations conveyed demands/offers as global amounts, the attorneys' fees to Plaintiffs' Counsel were ultimately negotiated in an amount separate from the payments to be made by Defendant to Plaintiffs as recovery of back wages and liquidated damages." (Doc. No. 29-3 at ¶ 24.)

      14.    "The FLSA provides that, if the court enters judgment in favor of a plaintiff on a claim of unpaid overtime in violation of the Act, '[t]he court in such action shall ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" *Rembert v. A Plus Home Health Agency LLC,* 986 F.3d 613, 616 (6th Cir. 2021) (quoting 29 U.S.C. § 216(b)). A reasonable fee should be adequate to attract competent counsel but avoid providing a windfall for attorneys. *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Because the FLSA does not discuss what constitutes a reasonable fee, "the determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). *See also Smyers v. Ohio Mulch Supply*, 2021 WL 2774665 at * 2 (6th Cir. July 1, 2021). The lodestar method, which calculates counsel's reasonable hourly rate and the number of hours that counsel reasonably expended on the case, is presumptively adequate to achieve these goals. *See Rembert*, 986 F.3d at 616; *Smyers* 2021 WL 2774665 at *2. The purpose of the FLSA's mandate of an award of reasonable fees to prevailing plaintiffs is to remedy concerns over situations where "the monetary value of [a plaintiff's] claims is often too small to support the cost of litigating them." *Rembert,* 986 F.3d at 617.

15. For the following reasons, the Court finds that the proposed attorney's fees and costs in the amount of $15,000 is reasonable. Plaintiff's Counsel avers that, as of March 11, 2024, the attorneys working on this matter billed the following hourly rates and hours: (1) Attorney Joseph F. Scott billed 8.4 hours at $500 per hour; (2) Attorney Ryan A. Winters billed 42.2 hours at $425 per hour; and (3) Attorney Kevin M. McDermott II billed 84.6 hours at $400 per hour. (Doc. No. 29-3 at ¶ 38.) This amounts to a combined fee lodestar of $55,975.00.

16. While the proposed attorney fees in this case are greater than the total settlement payments to Plaintiffs, Plaintiff's Counsel avers (and the Court agrees) that the proposed fees of $14,580.46 results in a significant "negative multiplier" of .26. (Doc. No. 29-3 at ¶ 39.) In other words, Plaintiffs' Counsel has agreed to recover a significantly reduced attorney fee – approximately 26% – of their lodestar attorney fees incurred to date. (*Id*. at ¶ 40.) Moreover, Plaintiffs' Counsel's lodestar has not been adjusted to account for the time Plaintiffs' Counsel will expend fulfilling the obligations in the Settlement Agreement, monitoring the administration of the Settlement, continuing to respond to questions and inquiries from Plaintiffs through the conclusion of this matter and disbursement of settlement proceeds. (*Id*. at ¶ 37.) Plaintiffs' Counsel's lodestar also does not include "the additional attorney hours counsel collectively has and will spend preparing, reviewing changes by defense counsel, and finalizing the briefing of the motion for approval and related exhibits up to and until the filing of the motion (between March 11, 2024 (the drafting date of this declaration) and the date of the motion filing), and any other work completed after March 11, 2024." (*Id*.)

17. Considering the above, as well as the fact that the Settlement Agreement ensures substantial payments to the Plaintiffs, the Court finds that the lodestar calculation in this matter supports the reasonableness of the attorney fee request. *See Rembert*, 986 F.3d at 616-618. The

Court therefore approves the payment of attorneys' fees and costs to Plaintiffs' Counsel as provided in the Settlement Agreement, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

18. The Court dismisses this action, and all claims in this matter, with prejudice. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Final Order and Judgment immediately.

19. As requested by the parties in the Settlement Agreement, the Court retains jurisdiction over the Action to enforce the terms of the Settlement Agreement and resolve any and all disputes thereunder.

**IT IS SO ORDERED.**

Date: March 29, 2024

      *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE